Edward R. Dudley, J.
This is a motion for a preliminary injunction brought by Community School Board, District 3 of the School District of the City of New York (Community School Board) its members, and several parents against the Board of Education of the School District of the City of‘New York (City School Board), its members and the Chancellor of the Board of Education of the School District of the City of New York.
The dispute concerns the control and use of certain Federal funds popularly known as Title I funds. (See IT. S. Code, tit. 20, § 241a et seq.) The availability of these funds results from a Congressional policy to assist ‘ ‘ local educational agencies serving areas with concentrations of children from low-income families to expand and improve their educational programs by various means (including preschool programs) which contribute particularly to meeting the special educational needs of educationally deprived children.” (U. S. Code, tit. 20, § 241a.) The aforesaid Federal law and the implementing rules (see Code of Fed. Reg., tit. 45, part 116) require that local educational agencies submit proposals to the State educational agency for approval. Application is then made by the State agency to the Federal Commissioner of Education. Funds are transmitted from the Federal Government to the State agency for transferral to local agencies.
Plaintiffs contend that, subject to the approval of the State agency, the Community School Board has the right to determine how these funds should be used. Defendants argue, on the other hand, that the City School Board has this right. Accordingly, the City School Board has mandated that a portion of the Title I funds be used for certain specific programs, allowing the Community School Board to determine how the remainder should be spent.
Both sides rely heavily on the new school decentralization law (Education Law, § 2590 et seq.), and in particular, section 2590-i (subd. 14, par. [d]) of the Education Law to support their *741 respective positions. It reads in part: “14. With respect to special, federal, state and private funds, each community board may: * * * (d) in the case of special funds allocated to the city district on a formula basis, to [sic] submit proposals to the chancellor for a review as to form only and prompt transmittal to the funding agency; provided, however, that in the case of such special funds community boards shall not be considered local educational agencies ”.
Plaintiffs contend that the quoted provision supports their position, particularly the words requiring the Community School Board “ to submit proposals to the chancellor for a review as to form only and prompt transmittal to the funding agency” (italics supplied). Defendants place emphasis on the language that “ community boards shall not be considered local educational agencies.” In addition defendants argue that the decentralization law gives the City School Board ultimate policy-making authority, even as to Title I funds.
Given the conflicting assertions by each side, the court’s role is to fathom the intent of the Legislature, without attention to the wisdom or lack of wisdom of particular legislation. Moreover, it is a basic tenet of statutory construction that courts are to place a reasonable interpretation upon legislative enactments, reasonable when taking into account an enactment as a whole. Using this criterion, it is evident that the most reasonable interpretation of section 2590-i (subd. 14, par. [d]) is that the Community School Board has been given power by the State Legislature to determine the use of Title I funds without review by the Chancellor or the City Board of the merits of particular proposals. This becomes evident when section 2590-i (subd. 14, par. [d]) is read as a whole and the different roles of the Community Board, Chancellor and City Board are analyzed.
First, only the Community School Board is given the right to submit proposals for the use of Title I funds. Nothing is said about the right of either the Chancellor or the City Board to submit proposals. Secondly, the Chancellor is given the right to review the proposals submitted to him “as to form only,” (italics supplied) and he must promptly transmit the proposals to the funding agency. Thirdly, the role of the City Board is specifically outlined in section 2590-i (subd. 14, par. [d]) without any reference to review of proposals for Title I funds. It is given the right to draw up the formula by which funds are apportioned to the different school districts in the city. In addition, in contrast to its nonexistent .role in reviewing proposals for public schools and pupils, the City Board is specifically given *742 the right to review proposals for nonpublic schools and pupils to insure that they meet applicable provisions of State and Federal law.
Fourth and finally, the language that “ community boards shall not be considered local educational agencies ” does not, as defendants contend, take away the right of the Community Board to determine the úse of Title I funds. Bather it means that an individual Community Board cannot, on its own, submit proposals to the funding agency. Nor can it receive funds directly from the funding agency. This is the only reasonable interpretation of the section. Otherwise, if defendants’ contentions are allowed, the same section would grant authority to the Community Board to submit proposals and then take it away.
In view of the time limitations under which the parties are laboring the motion for a temporary injunction is granted.
Settle order.